UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVEDADES Y SERVICIOS, INC. and ESPERANZA GOMEZ ESCOBAR,<br><br>                    Plaintiffs,<br><br>v.<br><br>FINANCIAL CRIMES ENFORCEMENT NETWORK, et al.,<br><br>                    Defendants. | Case No.: 25-CV-886 JLS (DDL)<br><br>**ORDER GRANTING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF No. 8) |

Presently before the Court is Plaintiffs Novedades y Servicios, Inc. and Esperanza Gomez Escobar's Motion for a Temporary Restraining Order ("Mot.," ECF No. 8), filed on April 16, 2025.  The next day, the Court set an expedited briefing schedule and hearing for the Motion.  ECF No. 11.  Defendant United States of America filed an Opposition to the Motion on April 18, 2025 ("Opp'n," ECF No. 13), to which Plaintiffs filed a Reply ("Reply," ECF No. 14).  The Court heard oral argument on April 22, 2025.  ECF No. 15. Having considered the Motion, the Parties' arguments, the law, and the evidence, the Court

**GRANTS** Plaintiffs' Motion.

On March 11, 2025, the Financial Crimes Enforcement Network ("FinCEN"), a bureau within the United States Department of Treasury, issued a Geographic Targeting Order ("Border GTO"). *FinCEN Issues Southwest Border Geographic Targeting Order,* Fin. Crimes Enf't Network (Mar. 11, 2025), https://www.fincen.gov/news/news-releases/fincen-issues-southwest-border-geographic-targeting-order. The GTO, which was published in the Federal Register on March 14, 2025, imposes new recordkeeping and reporting requirements on money services businesses ("MSBs") in select zip codes in Texas and California. Issuance of a Geographic Targeting Order Imposing Additional Recordkeeping and Reporting Requirements on Certain Money Services Businesses Along the Southwest Border, 90 Fed. Reg. 12106 (Mar. 14, 2025). Plaintiffs brought this action challenging the GTO, which became effective on April 14, 2025, alleging that the GTO: (1) violates the Fourth and Fifth Amendments to the United States Constitution, (2) violates multiple provisions of the Administrative Procedures Act ("APA"), and (3) was issued without sufficient statutory authority. ECF No. 1 ("Compl."). Plaintiffs also allege that the GTO's authorizing statute, 31 U.S.C. § 5326, violates the non-delegation doctrine. *Id.*

Under the *Winter* factors, which govern the issuance of a temporary restraining order ("TRO"), the Court concludes that a TRO is warranted. *See Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023). *First*, the Court finds that Plaintiffs have demonstrated a substantial likelihood of success on the merits of their claims that the GTO was unlawfully issued without undergoing the notice-and-comment procedures prescribed by 5 U.S.C. § 553 and that the GTO is arbitrary and capricious under 5 U.S.C. § 706(2)(A). *Second*, the Court finds that Plaintiffs have suffered and will continue to suffer immediate and irreparable harm absent a TRO, including the threat of business closure and the loss of customers and goodwill. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001). *Third*, the Court finds that the balance of equities favors Plaintiffs and that the public interest is served by granting a TRO, as the requested relief

maintains the status quo without significantly intruding on Defendants' ability to continue lawfully and faithfully regulating financial institutions.

Accordingly, the Court **GRANTS** Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order (ECF No. 8). It is **ORDERED** that Defendants, and their officers, agents, servants, employees, and all persons acting in concert or participation with them, are temporarily enjoined from enforcing, implementing, or otherwise giving effect to the Border GTO, as it applies to **ALL COVERED BUSINESSES, AS DEFINED BY THE BORDER GTO, THAT ARE LOCATED IN THE SOUTHERN DISTRICT OF CALIFORNIA**. The Court **DECLINES** to set a bond, which is permitted where, as here, a public interest motivates the litigation and there is no apparent harm to Defendants from the granting of Plaintiffs' request for relief. *See Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

As Plaintiffs indicate an intent to request a preliminary injunction, it is further **ORDERED** that, as agreed to by the Parties during the hearing, Plaintiffs **SHALL** file their forthcoming motion for preliminary injunction no later than April 29, 2025, Defendants **SHALL** file their response no later than May 6, 2025, and Plaintiffs **MAY** file their reply, if any, no later than May 9, 2025. The Court **SETS** a hearing on the anticipated preliminary injunction motion for Thursday, May 15, 2025, at 9:00 a.m. PDT, in Courtroom 4D of the Edward J. Schwartz United States Courthouse. The aforementioned schedule is premised upon Defendants' representation that a full administrative record can be compiled by Friday, April 25, 2025. If the April 25 target cannot be accomplished, the Court will consider an adjustment to the schedule, as necessary.

This TRO **SHALL** expire, as agreed to by the Parties during the hearing, on May 20, 2025.

**IT IS SO ORDERED.**

Dated: April 22, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge