UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVEDADES Y SERVICIOS, INC.; and ESPERANZA GOMEZ ESCOBAR,<br><br>                              Plaintiffs,<br><br>v.<br><br>FINANCIAL CRIMES ENFORCEMENT NETWORK, et al.,<br><br>                              Defendants. | Case No.: 25-CV-886 JLS (DDL)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL**<br><br>(ECF No. 60) |

      Presently before the Court is Defendants' Motion to Stay District Court Proceedings Pending Appeal ("Mot.," ECF No. 60), which was filed *ex parte*. In their Motion, Defendants represent that they conferred with opposing counsel, but that Plaintiffs oppose the requested stay. Mot. at 2. This representation, however, was made in the absence of an affidavit or declaration as required by the Civil Local Rules. *See* S.D. Cal. CivLR 83.3(g)(2) (prohibiting motions from being "made ex parte unless it appears by affidavit or declaration" that certain requirements are met). Yet no less than two weeks ago, the Court

offered Defendants "a refresher" on *ex parte* procedures—both with respect to the Local Rules and with respect to *ex parte* practice more generally—after Defendants violated Civil Local Rule 83.3(g)(2) for the second time. *See generally* ECF No. 54 (noting that *"ex parte* motions 'are rarely justified,' only to be used 'where there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief'" (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995))).

Last time, the Court forgave Defendants' noncompliance with the Civil Local Rules, but this time, no such accommodation is warranted as it is not this Court's role to repeatedly educate the Parties on local rule provisions. Accordingly, Defendants' Motion is **DENIED WITHOUT PREJUDICE** for the simple fact that Defendants have now violated Civil Local Rule 83.3(g)(2) for the third time in just over one month. *See* S.D. Cal. Civ LR 83.1 (providing for "any and all sanctions authorized by statute or rule or within the inherent power of the Court" for failure to comply with the Civil Local Rules, the Federal Rules of Civil Procedure, or a Court order). The Court stresses that its resolution of the instant Motion is on procedural grounds only, and that the Government is free to renew its Motion so long as it complies with the applicable Civil Local Rules.

In any event, it is difficult to see how this is one of "the unusually urgent occasion[s] when 'the tomatoes are about to spoil or the yacht is about to leave the jurisdiction.'" ECF No. 54 (quoting *Mission Power Eng'g Co.*, 883 F. Supp. at 491–92). At the moment, the Government has no deadline in this matter until its cross-motion for summary judgment, which is due on September 29, 2025, over two months from now. ECF No. 57 at 1. The Government's position is all the more perplexing given that it joined a scheduling proposal just ten days ago asking for the briefing schedule that the Court subsequently adopted, begging the question of what change of circumstances so suddenly emerged necessitating the requested emergency relief of staying the Government's own requested briefing schedule. *See* ECF No. 55. The Government's flip in position went entirely unacknowledged in its Motion, but in the event the Government wishes to renew its request

1  to stay proceedings, it **SHALL** address why the Court was wrong to rely on the
2  representations made in the Joint Proposed Schedule filed on July 7, 2025. And the
3  Government is advised to reconsider whether *ex parte* relief is necessary in this situation,
4  or whether the usual briefing schedule for a noticed motion is the more appropriate course.
5  *See* S.D. Cal. CivLR 7.1(e).

6  **IT IS SO ORDERED.**

7  Dated: July 17, 2025

*[Signature]*
Hon. Janis L. Sammartino
United States District Judge