ADAM GORDON
United States Attorney
STEPHANIE SOTOMAYOR, IL SBN 6325877
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel/Fax: (619) 546-9590/7751
Stephanie.Sotomayor@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVEDADES Y SERVICIOS, INC.; and ESPERANZA GOMEZ ESCOBAR,<br><br>Plaintiffs,<br><br>v.<br><br>FINANCIAL CRIMES ENFORCEMENT NETWORK; ANDREA GACKI, in her official capacity as Director of the Financial Crimes Enforcement Network; U.S. DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; and PAM BONDI, in her official capacity as the Attorney General of the United States,<br><br>Defendants. | Case No.: 25-CV-0886-JLS-DDL<br><br>**DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL**<br><br>Hon. Janis L. Sammartino |

## MOTION TO STAY

Defendants Financial Crimes Enforcement Network, Andrea Gacki, U.S. Department of the Treasury, Scott Bessent, and Pam Bondi, by and through their counsel, Adam Gordon, United States Attorney, and Stephanie Sotomayor, Assistant U.S. Attorney, hereby move the Court for a stay of all proceedings in this Court pending resolution of appeal. The Ninth Circuit's rulings on purely legal issues could control the outcome of this case. Moreover, the decision of the Court of Appeals will be relevant to the proceedings in this Court, and the requested stay would be limited in duration, as the appellate court's expedited schedule ensures a prompt resolution. Accordingly, a stay of proceedings will promote efficiency, conserve judicial and party resources, and avoid inconsistent rulings between this Court and the appellate court.

Undersigned counsel has conferred with Plaintiffs' counsel, who opposes a stay of proceedings.[1] The Government submits this motion ex parte, rather than by noticed motion, due to the imminent July 30, 2025 deadline in this Court.[2]

In the alternative, if the stay is denied, Defendants propose the following amended briefing schedule for dispositive motions: Plaintiff's Motion for Summary Judgment to be filed October 3, 2025; Government Opposition and Cross-Motion to Dismiss or for Summary Judgment to be filed November 10, 2025; Plaintiffs' Opposition and optional

---

[1] *See* Declaration of Stephanie A. Sotomayor.

[2] A standard noticed motion would trigger the default 28-day briefing schedule under Local Rule 7.1(e), thereby precluding resolution of the stay request before that deadline. *See* Declaration of Stephanie A. Sotomayor. Additionally, good cause exists to proceed ex parte because the Government's opening brief in the parallel appellate proceedings is due August 6, 2025, and its responsive filing in this Court is currently due September 29, 2025. Proceeding on both tracks without a stay would require the parties to brief overlapping and potentially conflicting issues simultaneously in two forums. This would result in an unnecessary duplication of effort and a waste of resources for both the parties and the Court. The requested ex parte stay seeks to preserve judicial economy and avoid prejudicial inefficiencies. The undersigned communicated with Plaintiffs' counsel via email on July 17 and 18, 2025, to ask if Plaintiffs were amenable to filing a Joint Motion requesting the Court to set an expedited briefing schedule for a Motion to Stay. *Id*. Plaintiffs' counsel relayed that Plaintiffs would prefer to oppose the stay under a non-expedited motion schedule. *Id*.

Reply to be filed December 10, 2025; and Government optional Reply to be filed January 7, 2026.

## BACKGROUND

The background in this matter up to the date of the preliminary injunction is set forth in Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction, dated May 15, 2025. See ECF No. 40. On May 21, 2025, this Court issued an Order Granting Plaintiffs' Motion for a Preliminary Injunction. ECF No. 47.

On July 7, 2025, the parties filed a Joint Proposed Schedule addressing the parties' positions concerning a schedule for dispositive motions.[3] ECF No. 55.

On July 8, 2025, the Government filed a Notice of Appeal, appealing the preliminary injunction. ECF No. 56.

The Court of Appeals issued a Scheduling Order containing the following deadlines: the Government's Preliminary Injunction Opening Brief due on August 6, 2025; and the Plaintiffs' Preliminary Injunction Answering Brief due on September 3, 2025. *See* Declaration of Stephanie Sotomayor. Meanwhile, the preliminary injunction is in effect and protects the interests of Plaintiffs in this case.[4] Absent a stay of proceedings or other relief,

---

[3] To address the Court's concern noted in its July 17, 20205 Order [ECF No. 61]: the Court was not "wrong to rely on the representations made in the Joint Proposed Schedule," as this schedule seemed appropriate to the Government in light of the circumstances of the case at the time the parties agreed to it, during a telephonic meet and confer on July 7, 2025. *See* Declaration of Stephanie A. Sotomayor. However later that day, undersigned counsel received notice that the Solicitor General authorized appeal of the Court's preliminary injunction order. *Id*. In light of the appeal, the Government determined it was now appropriate to seek a Motion to Stay the District Court proceedings. *Id*. Undersigned counsel promptly communicated with counsel for Plaintiffs via email, on July 7, 2025, to relay this update and to discuss Plaintiffs' stance regarding a motion to stay the district court proceedings. *Id*. On July 8, 2025, the parties met and conferred regarding the motion to stay via phone call, and later that day, via email; in the latter, Plaintiffs' counsel relayed that Plaintiffs were opposed to the motion to stay. *Id*. Following the Government's July 8, 2025 filing of a Notice of Appeal [ECF No. 56], a Preliminary Injunction Schedule was issued by the Appeals Court on July 9, 2025. *Id*.

[4] Other litigation on the subject of FinCEN's Geographic Targeting Order continues at this time. A court in Texas also entered a preliminary injunction, and the Government has filed an appeal in that matter as well. *See Texas Ass'n for Money Services Businesses, et al v. Pamela Bondi, et al*., No. 25-CV-344 (W.D. Tex). Another court, also in Texas, issued a

3

the briefing schedule set in this matter for the parties to file dispositive motions is as follows: Plaintiff's Motion for Summary Judgment to be filed July 30, 2025; Government Opposition and Cross-Motion to Dismiss or for Summary Judgment to be filed September 29, 2025; Plaintiffs' Opposition and optional Reply to be filed November 13, 2025; and Government optional Reply to be filed December 4, 2025. *See* ECF No. 57.

## STANDARD

District courts have inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Freeman v. State of Wash.*, 874 F.2d 815 (9th Cir. 1989) (*citing Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). This rule "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 864.

Consistent with this "power to control its own docket," a district court "has broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 707 (1997); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (court may stay proceedings in the interest of "economy of time and effort for itself, for counsel, and for litigants"). The Court considers four factors in reaching its decision on a motion for stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Becker v. Martel*, No. 10-CV-1209-W AJB, 2011 WL 2181361, at *1 (S.D. Cal. June 3, 2011); *see also United States v. Real Prop. & Improvements Located*

---

temporary restraining order for the plaintiffs in that action, and is considering plaintiffs' motion for a preliminary injunction; plaintiffs there have also filed a motion for summary judgment. *See Valuta Corp., et al. v. FinCEN, et al.*, No. 3:25-CV-191 (W.D. Tex.).

*at 2366 San Pablo Ave., Berkeley, California*, No. 13-CV-02027-JST, 2015 WL 525711, at *1 (N.D. Cal. Feb. 6, 2015).

## DISCUSSION

**I.     A Stay of Proceedings Pending Appeal is Justified.**

Here, a stay is justified. First, the issues on appeal raise substantial legal questions of first impression that are sufficiently "serious" to warrant consideration by the Ninth Circuit. *Real Prop. & Improvements Located at 2366 San Pablo Ave.*, 2015 WL 525711, at *2.

Second, the Government could be irreparably injured absent a stay: if a stay is denied, the Government will be required to expend substantial effort and public resources to develop legal strategy and draft legal arguments in this Court's filings—efforts which may be rendered moot by the outcome of proceedings before the Court of Appeals, and which may then have to be duplicated in later briefings in this Court. This factor weighs in favor of granting a stay. *Becker*, 2011 WL 2181361, at *2 (finding that the state's potentially unnecessary expenditure of "scarce resources" weighs in favor of granting a stay).

Third, a stay will not injure or prejudice the other parties interested in the proceeding. Plaintiffs remain fully protected by the preliminary injunction, which remains in place while the appeal is pending. While the Government anticipates Plaintiffs will attempt to persuade this Court to expand the preliminary injunction based on the premise that a stay injures regulated MSBs not parties to this action, Plaintiffs' ongoing pursuit of nationwide relief is separate, and unrelated, to the standard for granting a stay of proceedings, which questions whether the "parties" are injured. And Plaintiffs are not injured by the stay.

Finally, a stay is beneficial to the parties, the Court, and, ultimately, the public, because the issues on appeal regarding the likelihood of success on the merits are likely to clarify significantly the issues remaining for judicial resolution, and could have controlling effect. For example, the parties will brief on appeal whether FinCEN was likely to undertake notice-and-comment rulemaking and whether FinCEN likely exceeded its statutory authority in issuing the GTO. Rather than re-briefing the same issues in the district court, on the same record, the Court should wait for the Court of Appeals to rule, thereby resolving

or clarifying the issues for review in this Court. *Real Prop. & Improvements Located at 2366 San Pablo Ave.*, 2015 WL 525711, at *5 ("The City has also identified a cognizable public interest in promoting judicial economy, and avoiding duplicative litigation and inconsistent rulings by granting a stay."). A stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good, if not an excellent" reason to stay proceedings. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

Accordingly, Defendants have demonstrated the four factors justifying a stay of proceedings.

**II.** **In The Alternative, the Court Should Set an Amended Schedule for Briefing Dispositive Motions**.

If the Court declines to stay proceedings pending appeal, Defendants alternatively request that the Court set an amended briefing schedule, moving all deadlines until after the briefing on appeal is completed. Defendants propose the following schedule: Plaintiff's Motion for Summary Judgment to be filed October 3, 2025; Government Opposition and Cross-Motion to Dismiss or for Summary Judgment to be filed November 10, 2025; Plaintiffs' Opposition and Reply to be filed December 10, 2025; and Government Reply, if any, to be filed January 7, 2026. Defendants maintain their stance that no answer need be filed.

## CONCLUSION

Defendants respectfully request a stay of proceedings pending final resolution of the appeal in this matter. If the Court is not inclined to stay proceedings pending appeal, Defendants respectfully request that the above-outlined amended briefing schedule be entered.

//

//

|   |   |
|---|---|
| Dated: July 22, 2025 | Respectfully submitted,<br><br>ADAM GORDON<br>United States Attorney<br><br>*s/ Stephanie Sotomayor*<br>STEPHANIE SOTOMAYOR<br>Assistant U.S. Attorney<br><br>Attorneys for Defendants |