**INSTITUTE FOR JUSTICE**
ROBERT E. JOHNSON (DC Bar No. 1013390)*
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
(703) 682-9320
ELIZABETH L. SANZ (CA Bar No. 340538)
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
JEFFREY ROWES (TX Bar No. 24104956)*
816 Congress Ave., Suite 970
Austin, TX 78701
(512) 480-5936
KATRIN MARQUEZ (FL Bar No. 1024765)*
2 South Biscayne Blvd., Suite 3180
Miami, FL 33131
(305) 721-1600
* Admitted *pro hac vice*

**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (SBN 268339)
Jeffrey Atteberry (SBN 266728)
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401
(424) 258-5190

*Attorneys for Plaintiffs Novedades y Servicios, Inc. and Esperanza Gomez Escobar*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOVEDADES Y SERVICIOS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FINANCIAL CRIMES ENFORCEMENT NETWORK, *et al.*, <br><br> Defendants. | Case No.: 3:25-cv-00886-JLS-DDL <br><br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY** |

1

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY
Case No. 3:25-cv-00886-JLS-DDL

"[T]he Ninth Circuit has 'repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction.'" *California v. Azar*, No. 19-CV-01184-EMC, 2019 WL 2996441, at *1 (N.D. Cal. July 9, 2019) (quoting *California v. Azar*, 911 F.3d 558, 583–84 (9th Cir. 2018)). For that and other reasons stated below, Plaintiffs oppose the motion to stay.

**1. The Motion Is Not A Proper *Ex Parte* Motion.**

At the outset, the motion to stay should be denied because it is not a proper *ex parte* motion. As this Court has repeatedly emphasized in this case, *ex parte* motions are reserved for "'the unusually urgent occasion[s] when "the tomatoes are about to spoil or the yacht is about to leave the jurisdiction."'" Doc. 61 (quoting Doc. 54 (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995))). There is no such urgency here, and no reason the government could not have noticed an ordinary motion.

The only possible urgency that the government identifies, in its motion to stay, is *Plaintiffs'* upcoming July 30 deadline to file their summary judgment motion. Mot. 2. But Plaintiffs oppose the stay, and Plaintiffs are not asking for anyone to rush to take their deadline off the calendar. To the contrary, when the government contacted Plaintiffs about this proposed motion, Plaintiffs stated that they were already working on a draft summary judgment motion and thus had no interest in having the motion to stay decided before their summary judgment motion is due. Moreover, Plaintiffs explained that they would be prejudiced by having to respond to the motion to stay before their summary judgment deadline, as responding to the stay motion would take up time that Plaintiffs could otherwise spend on summary judgment briefing. *See* Decl. of Stephanie Sotomayor ¶ 10 (noting Plaintiffs' statement that they "would prefer to oppose the stay under a non-expedited motion schedule"). The government is not doing Plaintiffs any favors by filing an *ex parte* motion that compels Plaintiffs to respond urgently—or otherwise risk not being able to respond at all. To the contrary, the government's disregard for the local rules has prejudiced Plaintiffs by compelling them to brief multiple issues at once.

2

After Plaintiffs' July 30 deadline, the next deadline in this case is Defendants' September 29 deadline to file a summary judgment response. (The government's appellate deadline is sooner, but that is beside the point since the proposed stay would not affect that deadline in any way.) Certainly, there would have been plenty of time to decide the motion to stay before September 29 if the government had simply filed an ordinary noticed motion.[1] Even now, there might be time. And if the government was *truly* concerned with sparing Plaintiffs the trouble of drafting and filing a summary judgment brief, the government could have moved to stay earlier—*before* Plaintiffs began the process of drafting their summary judgment brief.

**2. There Is No Good Reason To Stay The Litigation.**

A request to stay litigation pending appeal is typically reviewed under the standard of *Landis v. North American Co.*, 299 U.S. 248 (1936), under which courts consider:

> (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *2 (N.D. Cal. Apr. 15, 2019) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). The party seeking the stay bears the burden. *Azar*, 2019 WL 2996441, at *1.[2]

---

[1] If there was any doubt about that, the government could have noticed an ordinary motion and also filed a separate *ex parte* motion to modify the briefing schedule. When the government reached out prior to filing the instant motion, the government proposed an expedited schedule that would have had Plaintiffs responding to the stay motion just two days after filing, while simultaneously briefing summary judgment. Plaintiffs said they were opposed to that proposed schedule. *See* Decl. of Stephanie Sotomayor ¶ 10. But the government could have proposed a more reasonable briefing schedule that would still allow for a decision before September 29.

[2] Some courts apply a different four-part test to decide whether to enter a stay. *See, e.g., Fraihat v. ICE*, No. EDCV 19-1546 JGB (SHKX), 2020 WL 6540441, at *1 (C.D. Cal. Oct. 30, 2020). However, the balance of authority in the Ninth Circuit apparently favors the *Landis* test. *See Kuang*, 2019 WL

    ***First***, the "orderly course of justice" would be served by proceeding expeditiously to final judgment. As the Ninth Circuit has explained, "[b]ecause of the limited scope of our review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits." *Telegram Messenger, Inc. v. Lantah, LLC*, 782 F. App'x 528, 530 (9th Cir. 2019) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012)); *see also ACA Connects v. Bonta*, 24 F.4th 1233, 1249 (9th Cir. 2022) (Wallace, J., concurring) ("I emphasize that appealing from a grant or a denial of a preliminary injunction to obtain an appellate court's view of the merits often leads to 'unnecessary delay to the parties and inefficient use of judicial resources.'" (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)). In this case, presumably the government will appeal on multiple grounds, including raising arguments (for instance, about the scope of preliminary injunctive relief) that have nothing to do with the ultimate merits. There is no guarantee that a decision on appeal will control at final judgment.

    Courts sometimes reason that these considerations are less weighty in the Administrative Procedure Act context—where courts review issues of law based on a set record—but in this case a stay is particularly inappropriate because there is also the possibility that the administrative record will be expanded before final judgment. *Compare Oregon v. Azar*, No. 6:19-CV-00317-MC, 2019 WL 9045195, at *2 (D. Or. Sept. 17, 2019) (denying a stay because record was complete). The Court here partially denied Plaintiffs' request to supplement the administrative record, but did so without prejudice to Plaintiffs renewing the motion in writing prior to final judgment. *See* Doc. 47 (PI Order) at 2 ("Plaintiffs are free to renew their oral motion in writing, if they so desire, so the Court may reach a more reasoned and thoughtful decision with the benefit of full briefing."). Plaintiffs will renew that motion in writing along with their dispositive motion, and the

---

1597495, at *3.

Court can consider whether to further supplement the record before entering final judgment.[3]

**Second**, the government would not be harmed by denial of a stay. The government may object to litigating in this Court while simultaneously litigating on appeal, but "the Ninth Circuit has determined simply being required to defend a suit does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Sarieddine v. Connected Int'l Inc.*, No. 2:22-CV-02168-DJC-AC, 2025 WL 958204, at *3 (E.D. Cal. Mar. 31, 2025) (marks and citation omitted) (citing authority). The Court has entered a briefing schedule for cross-motions that amply accommodates the interests of the government, providing sixty days for the government to respond to Plaintiffs' motion for summary judgment (compared to forty-five days for Plaintiffs to file their own response to the government's cross-motion). *See* Doc. 57. Further, to the extent that the government is interested in determining the lawfulness of the GTO, the Ninth Circuit has observed that the government is typically "better served to pursue aggressively its defense of the [challenged agency action] in the district court, rather than apparently awaiting the outcome of [an] appeal." *Azar*, 911 F.3d at 584.

**Finally**, a stay could harm Plaintiffs or other businesses subject to the Border GTO by deferring final resolution of the litigation. "Delaying the ultimate resolution of the [GTO's] lawfulness would expose Plaintiffs to this harm if the Ninth Circuit dissolves the preliminary injunction and the final adjudication of this case is delayed because of an extended stay." *Azar*, 2019 WL 2996441, at *2. Plaintiffs of course expect the preliminary injunction to be upheld in its entirety. But it is at least theoretically possible that the

---

[3] The GTO expires in September, and it is unclear if the government will renew the GTO or if the government will take the position that this case fits within some exception to the mootness doctrine. Regardless, since the government appears to assume this case will proceed past September, Plaintiffs adopt that assumption too. In Plaintiffs' view, if the GTO is not renewed, this case still would not be moot because (given that GTOs typically expire after 180 days) it is a classic example of an issue that is capable of repetition yet evading review. *See, e.g.*, *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 787 (9th Cir. 2012). In any event, Plaintiffs note that the government should not be allowed to stay this case and then later argue that the case became moot while it was stayed.

1 preliminary injunction could be vacated (in whole or in part) even if the Border GTO is
2 ultimately found unlawful, leading to an unnecessary gap where at least some California
3 businesses once again are forced to comply with an unlawful agency action before this
4 Court can enter final judgment. There is no need for such delay.

| | |
|---|---|
| Dated: July 23, 2025 | Respectfully submitted, |
| | **INSTITUTE FOR JUSTICE** |
| | /s/ Robert E. Johnson |
| | Robert E. Johnson (DC Bar No. 1013390)* |
| **THE VORA LAW FIRM, P.C.** | 16781 Chagrin Blvd., Suite 256 |
| Nilay U. Vora (SBN 268339) | Shaker Heights, OH 44120 |
| nvora@voralaw.com | (703) 682-9320 |
| Jeffrey Atteberry (SBN 266728) | rjohnson@ij.org |
| jatteberry@voralaw.com | |
| 201 Santa Monica Blvd., Suite 300 | Elizabeth L. Sanz (CA Bar No. 340538) |
| Santa Monica, CA 90401 | 901 N. Glebe Road, Suite 900 |
| (424) 258-5190 | Arlington, VA 22203 |
| | (703) 682-9320 |
| | bsanz@ij.org |
| | Jeffrey Rowes (TX Bar No. 24104956)* |
| | 816 Congress Ave., Suite 970 |
| | Austin, TX 78701 |
| | (512) 480-5936 |
| | jrowes@ij.org |
| | Katrin Marquez (FL Bar No. 1024765)* |
| | 2 South Biscayne Blvd., Suite 3180 |
| | Miami, FL 33131 |
| | (305) 721-1600 |
| | kmarquez@ij.org |
| | * Admitted *Pro hac vice* |

*Attorneys for Plaintiffs Novedades y Servicios, Inc. and Esperanza Gomez Escobar*