ADAM GORDON
United States Attorney
STEPHANIE SOTOMAYOR, IL SBN 6325877
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel/Fax: (619) 546-9590/7751
Stephanie.Sotomayor@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVEDADES Y SERVICIOS, INC.; and ESPERANZA GOMEZ ESCOBAR,<br><br>Plaintiffs,<br><br>v.<br><br>FINANCIAL CRIMES ENFORCEMENT NETWORK; ANDREA GACKI, in her official capacity as Director of the Financial Crimes Enforcement Network; U.S. DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; and PAM BONDI, in her official capacity as the Attorney General of the United States,<br><br>Defendants. | Case No.: 25-CV-0886-JLS-DDL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL**<br><br>Hon. Janis L. Sammartino |

**REPLY**

Defendants respectfully maintain that further proceedings in this Court should be stayed pending resolution of the appeal. Plaintiffs cite a competing legal test, the *Landis* test, in their Opposition, but even under Plaintiffs' analysis, a stay is warranted. Indeed, as explained below, Plaintiffs fail to acknowledge the Government's legitimate concern over wasting the Court's—and the parties'—time and resources, and they fail to demonstrate how they would suffer any real harm from a stay of proceedings.

**DISCUSSION**

**I.     Competing Standards**

District courts in the Ninth Circuit "have catalogued a divide 'regarding the appropriate standard by which a district court is to exercise its discretion in whether to grant a stay pending an interlocutory appeal.'" *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *2 (N.D. Cal. Apr. 15, 2019) (citations omitted). The Ninth Circuit "has not addressed" which test—*Landis* or *Nken*—applies where a party seeks a stay pending resolution of another proceeding. *Id*.

Accordingly, it is not settled law that *Landis* is controlling, and instead it is appropriate for this Court to evaluate the request under *Nken*—or to conclude that a stay is appropriate under both standards.

**II.    A Stay of Proceedings is Warranted Under Either Test**

Plaintiffs apply factors from *Landis v. N. Am. Co.*, 299 U.S. 24 (1936), in their analysis of whether the Court should stay proceedings. Under *Landis*, all three factors support a stay.

First, the "orderly course of justice" would be served by a stay, and the case upon which Plaintiffs rely specifically addresses this issue. In *Kuang*, the Court noted that "[C]onsiderations of judicial economy are highly relevant" to courts in evaluating whether a stay supports the orderly course of justice. *Kuang*, 2019 WL 1597495, at *5. Correspondingly, Defendants' analysis—using the *Nken* test—identifies that a stay is beneficial to the parties, the Court, and the public, because the appellate court's

determinations can significantly clarify issues remaining for resolution by this Court, thus promoting judicial economy. Mot. to Stay, 5:22-6:8. Plaintiffs theorize that the Government *might* raise arguments on appeal "that have nothing to do with the ultimate merits," [Opp., 4:4-15], but this is purely speculative, and ignores the fact that the Government has already identified that the parties will, at minimum, brief issues on appeal that *do* concern the ultimate merits, such as the question of "whether FinCEN was likely [required] to undertake notice-and-comment rulemaking and whether FinCEN likely exceeded its statutory authority in issuing the GTO." Mot. to Stay, 5:25-27. Using Plaintiffs' logic in the reverse: a decision on appeal very well *could* control at final judgment. Nevertheless, Plaintiffs fail to directly address the Government's concern that, without a stay, this Court may be required to consider and decide issues that are currently the subject of a pending appeal. This would risk duplicative proceedings and could also necessitate reconsideration of matters already adjudicated once the appellate court has issued its decision—a wholly unnecessary waste of judicial resources. It is therefore in the interests of judicial economy and efficiency for this Court to stay proceedings while this issue, in addition to others, is resolved and clarified on appeal, and before they are presented to this Court.

Second, the Government will be harmed by denial of a stay.[1] As outlined in greater detail in its Motion, without a stay the Government will be forced to expend substantial effort and public resources on filings in this Court—which may be rendered moot by the

---

[1] Plaintiffs state "the only possible urgency" the Government identifies in its Motion is Plaintiffs' upcoming July 30 deadline. Opp., 2:13-14. Not so. Defendants' Motion explicitly explains that the urgency is the burden of the broader associated schedule, which commences with the July 30 deadline. Motion to Stay, pg. 2, footnote 2. ("…good cause exists to proceed ex parte because the Government's opening brief in the parallel appellate proceedings is due August 6, 2025, and its responsive filing in this Court is currently due September 29, 2025. Proceeding on both tracks without a stay would require the parties to brief overlapping and potentially conflicting issues simultaneously in two forums. This would result in an unnecessary duplication of effort and a waste of resources for both the parties and the Court.")

Notably, Plaintiffs' counsel references communications with undersigned counsel, but provides no declaration to support those representations.

outcome of proceedings before the Court of Appeals, and which may then have to be duplicated in later briefings in this Court. *See generally*, Motion to Dismiss. To combat this, Plaintiffs cite *Sarieddine v Connected Int'l, Inc*. Opp, 5:3-8. The *Sarieddine* Court, however, specifically determined that the party seeking the stay failed to establish possible harm, where the party "ha[d] not shown that the Ninth Circuit's ruling could possibly moot any key issues in the underlying litigation." *Sarieddine v. Connected In'l Inc.*, No. 2:22-CV-02168-DJC-AC, 2025 WL 958204, at *3 (E.D. Cal. Mar. 31, 2025). As described in greater depth in the Government's Motion, that is not the case here: the Ninth Circuit's rulings very well could moot key issues in the underlying case. Moreover, the *Sarieddine* Court noted that "[c]onducting 'substantial, unrecoverable, and wasteful' discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay." *Sarieddine*, 2025 WL 958204, at *3 (citations omitted). Similarly, here, engaging in briefing on dispositive issues before this Court, that could be mooted by the pending appeal, represents a hardship or inequity justifying a stay.[2]

Lastly, Plaintiffs present the theoretical argument that a stay could harm them by "deferring a final resolution of the litigation," [Opp.5:17-18], but this is not a concern in this case, where the parties are operating under an expedited appellate briefing schedule. In support of their argument of potential harm, Plaintiffs cite *Azar*, wherein the Court determined the plaintiffs could be exposed to harm if: the Ninth Circuit dissolved the preliminary injunction; the district court case was delayed "because of an extended stay;" *and* the district court had rendered its preliminary injunction order before the administrative record was available and before Plaintiffs asserted constitutional claims in their complaints that were not raised at the preliminary injunction stage. *California v. Azar*, No. 19-CV-

---

[2] Plaintiffs also argue that the Court has entered an accommodating briefing schedule. Opp. 5:8-12. The issue is not that the Government needs more time. The issue is that the Government must expend public resources (including time, and funds, among other things) in litigating its cases, and it is imperative that the Government—and the public overall—does not waste those resources on duplicative litigation.

01184-EMC, 2019 WL 2996441, at *1-2 (N.D. Cal. July 9, 2019). However, here, an "extended stay" is neither likely nor necessary. The appellate court requires the final filing to be submitted by September 3, 2025—that is less than 6 weeks away. Mot to Stay, 3:14. If the preliminary injunction is dissolved on appeal, this case will not be delayed because the administrative record is already available, and the parties have agreed to forego responsive pleadings in favor of dispositive motions. Thus, once the issues on appeal are resolved, this Court can immediately address the issues remaining in this case via the parties' respective dispositive motions.

The existence of a preliminary injunction and the expedition of the appeal weigh in favor of a stay here;[3] the stay will be necessarily brief and will avoid duplication of effort when the Ninth Circuit rules. In the meantime, there is no harm to Plaintiffs, only a conservation of resources for all parties and the Court.

### III.  Conclusion

Defendants respectfully request a stay of proceedings pending final resolution of the appeal in this matter. If the Court is not inclined to stay proceedings pending appeal, Defendants respectfully request that their proposed briefing schedule be entered in lieu of the currently-set briefing schedule.

Dated: July 25, 2025

Respectfully submitted,

ADAM GORDON
United States Attorney

*s/ Stephanie Sotomayor*
STEPHANIE SOTOMAYOR
Assistant U.S. Attorney
Attorneys for Defendants

---

[3] Notably, a court in the Western District of Texas litigating the same issues on the subject of FinCEN's Geographic Targeting Order issued an Order on July 22, 2025 granting the Government's motion to stay the case pending appeal. *See Texas Ass'n for Money Services Businesses, et al v. Pamela Bondi, et al.*, No. 25-CV-344 (W.D. Tex).

Also on July 22, 2025, in the Texas litigation, the court in *Valuta Corp., et al. v. FinCEN, et al.*, No. 3:25-CV-191 (W.D. Tex), granted those plaintiffs' motion for a preliminary injunction.