UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NOVEDADES Y SERVICIOS, INC. and
ESPERANZA GOMEZ ESCOBAR,

                    Plaintiffs,

v.

FINANCIAL CRIMES ENFORCEMENT
NETWORK, et al.,

                    Defendants.

Case No.: 25-CV-886 JLS (DDL)

**ORDER GRANTING DEFENDANTS'
MOTION TO STAY DISTRICT
COURT PROCEEDINGS PENDING
APPEAL**

(ECF No. 62)

      Presently before the Court is Defendants' Motion to Stay District Court Proceedings Pending Appeal ("Mot.," ECF No. 62), which was filed *ex parte* on July 22, 2025. Plaintiffs filed an Opposition to Defendants' Motion to Stay ("Opp'n," ECF No. 63) the next day, and on July 25, 2025, Defendants filed a Reply ("Reply," ECF No. 64). Having considered the Parties' arguments and the law, the Court **GRANTS** Defendants' Motion.

/ / /

/ / /

## BACKGROUND

The factual background is well known to the Parties and the Court; accordingly, the Court does not repeat it here but rather incorporates by reference the factual background as detailed in the Court's May 21, 2025 Order. *See* ECF No. 47 ("Order") at 3–12.

On May 21, 2025, the Court issued an Order articulating the reasoning supporting its bench ruling—issued on May 15, 2025, ECF No. 45—granting Plaintiffs' request for a preliminary injunction. In the Order, the Court found that Plaintiffs were likely to succeed on the merits of several of their claims under the Administrative Procedure Act and that the balance of the *Winter* factors weighed in favor of granting preliminary injunctive relief. Order at 2. Recognizing that there were two companion cases proceeding in parallel in the Western District of Texas, the Order covered a statewide scope that was limited to all regulated entities located in the Southern District of California. *Id.* at 51.

On July 8, 2025, on a joint request by all Parties, the Court entered a briefing schedule setting deadlines for the Parties to file cross-motions for summary judgment running through the end of this calendar year. ECF No. 57. Specifically, Plaintiffs' summary judgment motion was set to be due by July 30, 2025, Defendants' cross-motion and opposition by September 29, 2025, the Parties' respective reply and response briefs by November 13, 2025, and Defendants' reply by December 4, 2025. *Id.*

That same day, Defendants noticed an interlocutory appeal of the Order to the Ninth Circuit Court of Appeals. ECF No. 56. Moving expeditiously, the Ninth Circuit set an accelerated briefing schedule, with opening and answering briefs due August 6, 2025, and September 3, 2025, respectively. *Novedades y Servicios, Inc. v. Fin. Crimes Enf't Network*, No. 25-4238 (9th Cir. July 9, 2025), Dkt. No. 2. An argument date for that appeal is yet to be scheduled.

Defendants, over one week later and acting *ex parte*, requested a stay of district court proceedings pending appeal in light of the anticipated overlap between the legal issues presented on appeal and those expected on summary judgment. ECF No. 60. The Court denied that request on procedural grounds, noting that Defendants, for the third time in just

over one month, had violated the Civil Local Rule governing *ex parte* procedures. ECF No. 61 at 2. The Court went on to suggest that *ex parte* relief was likely unnecessary in this situation based on the absence of any immediately pressing deadlines lying in wait for Defendants in this Court. *Id.* at 3 ("And the Government is advised to reconsider whether *ex parte* relief is necessary in this situation, or whether the usual briefing schedule for a noticed motion is the more appropriate course."). Nevertheless, after almost another week elapsed, Defendants filed another *ex parte* request to stay these proceedings pending appeal. Mot. Plaintiffs opposed the request the following morning. Opp'n.

## LEGAL STANDARD

Ordinarily, district courts are directed "to proceed to trial and otherwise move towards a final judgment" when a preliminary injunction is challenged on interlocutory appeal. *Melendres v. Arpaio*, 695 F.3d 990, 1103 (9th Cir. 2012). But it is well established that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.* 299 U.S. 248, 254 (1936). Such discretion is routinely exercised "in the interests of efficiency and fairness when a 'pending resolution of independent proceedings bears upon the case.'" *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1060 (E.D. Cal. 2023) (citation modified) (quoting *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

Courts in the Ninth Circuit are apparently split as to the proper standard to apply when assessing the appropriateness of staying proceedings pending appeal. On one hand, some courts apply the four-part test derived from *Nken v. Holder*, 556 U.S. 418 (2009), which governs a request to stay an injunction pending appeal. *See Kuang v. U.S. Dep't of Def.*, No. 18-cv-03698-JST, 2019 WL 1597495, at *2 (N.D. Cal. Apr. 15, 2019). Other courts, by contrast, employ *Landis*, which "applies to stays of proceedings pending the resolution of a related action in another court." *Flores*, 675 F. Supp. 3d at 1056. The Ninth Circuit has not addressed the split, but district courts "have overwhelmingly concluded that the *Landis* test or something similar governs." *Kuang*, 2019 WL 1597495, at *2.

The Court elects to adopt the *Landis* test along with most of its peers. Under *Landis*, the relevant factors are "[1] the possible damages which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Weighing these factors, the Court "may order a stay of the action pursuant to its power to control its docket and calendar" when justice so demands. *Leyva*, 593 F.2d at 864.

## ANALYSIS

Defendants seek a stay of all proceedings in this Court pending appeal of the preliminary injunction largely based on the overlap between the legal issues presented here and those presented on appeal. Mot. at 2. The Ninth Circuit's resolution of those issues, Defendants argue, "could control the outcome of this case." *Id.* And a stay, in Defendants' view, "will promote efficiency, conserve judicial and party resources, and avoid inconsistent rulings." *Id.*

Plaintiffs resist primarily on the ground that there is a possibility that the Ninth Circuit would not reach the ultimate merits of the legal issues in dispute, potentially limiting its review to certain threshold issues like the scope of relief. Opp'n at 4. And if that is the eventual outcome on appeal, Plaintiffs argue that they could be harmed "by deferring final resolution of the litigation." *Id.* at 5. That harm would arise, Plaintiffs say, in the event the injunction is dissolved in whole or in part at this preliminary stage and the merits end up in their favor at the final stage. *Id.* In that case, there would be "an unnecessary gap where at least some California businesses once again are forced to comply with an unlawful agency action before this Court can enter final judgment." *Id.* at 6.

In their Motion, Defendants adopt the *Nken* factors as establishing the correct analytical framework for resolving the instant Motion, but Plaintiffs opt for the *Landis* approach. Either way, the factors closely track one another, so the Court finds that it can

resolve this issue on Defendants' own terms even though it will do so under the *Landis* factors.[1]  As explained below, those factors weigh in favor of granting a stay.

### A.    Balance of Hardships

"Under the first two *Landis* factors, 'the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds.'" *Flores*, 675 F. Supp. 3d at 1060 (quoting *Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *2 (N.D. Cal. Aug. 30, 2018)).  Defendants argue that, absent a stay, "the Government will be required to expend substantial effort and public resources to develop legal strategy and draft legal arguments" that "may be rendered moot by the outcome of proceedings before the Court of Appeals, and which may then have to be duplicated in later briefings in this Court." Mot. at 5.  Plaintiffs, meanwhile, argue that if this case is stayed, they could face the prospect of having the preliminary injunction vacated on appeal, in whole or in part, even though it remains possible for the challenged governmental action to be held unlawful on the ultimate merits.  Opp'n at 6.  Such circumstances, they say, would "lead[] to an unnecessary gap where at least some California businesses once again are forced to comply with an unlawful agency action before this Court can enter final judgment." *Id.*

The Parties' arguments on the balance of hardships cancel each other out.  With respect to the prejudice to Defendants in the absence of a stay, such prejudice is minimal.  As the Parties have already agreed, this case presents purely legal issues that can be adjudicated without the need for any discovery before briefing summary judgment.  *See* ECF No. 55 at 2 ("[T]he parties believe that discovery is not necessary . . . .").  Thus, there is little more for Defendants to undertake in this action at the district court level other than another round of briefing on the merits that is likely to mirror the briefing on the merits

---

[1] The only *Nken* factor not arguably subsumed by the *Landis* factors is likelihood of success on the merits. To the extent it is necessary for the Court to expressly consider that factor, it agrees with Defendants that they have shown "a 'minimum quantum of likely success necessary to justify a stay.'" *United States v. Real Prop. & Improvements Located at 2366 San Pable Ave.*, No. 13-cv-02027-JST, 2015 WL 525711, at *1 (N.D. Cal. Feb. 6, 2015); *see also City of Oakland v. Holder*, 961 F. Supp. 2d 1005, 1012 (N.D. Cal. 2013) (noting that the movant must only show "a substantial case for relief on the merits").

that already took place twice before at the temporary restraining order and preliminary injunction stages. This matter is, contrary to Defendants' suggestion, not at all like *Becker v. Martel*, where the court found a stay justified when the state faced the onerous burden of locating witnesses and exhibits for a seven-year-old crime. No. 10cv1209-W (AJB), 2011 WL 2181361, at *2 (S.D. Cal. June 3, 2011). Nevertheless, "forcing a party to conduct . . . pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay." *Finder v. Leprino Foods Co.*, 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017) (citing *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282-KJM-AC, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015)). So while the burden on Defendants of briefing cross-motions for summary judgment is slight, it remains an important consideration weighing in favor of granting a stay.

Similarly, the potential prejudice to Plaintiffs following the issuance of a stay is minimal. Plaintiffs point to the hypothetical possibility that the preliminary injunction could be vacated in whole or in part even though they might still prevail on the ultimate merits, thus "leading to an unnecessary gap where at least some California businesses once again are forced to comply with an unlawful agency action before this Court can enter final judgment." Opp'n at 6. But as Defendants point out, any potential delay would be short-lived. As just discussed, nothing remains in the way of discovery to prevent the Parties from returning immediately to briefing their cross-motions for summary judgment as soon as this case returns from the Ninth Circuit. True, Plaintiffs have signaled their intent to renew their request to supplement the administrative record, Opp'n at 4, but such a request can be dealt with in one fell swoop alongside their summary judgment motion. So while the Court recognizes the theoretical possibility of prejudice to Plaintiffs, such prejudice can be mitigated by the reinstatement of a swift briefing schedule on the final merits immediately upon the Ninth Circuit's disposition of the appeal. Accordingly, the first two *Landis* factors are neutral.

/ / /

/ / /

### B.  Orderly Course of Justice

"The third *Landis* factor considers the 'orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'"  *Flores*, 675 F. Supp. 3d at 1063 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  As to this factor, Defendants argue that, compared to the appeal, the Parties will essentially be briefing "the same issues in the district court, on the same record," and the Ninth Circuit's resolution of those issues is "likely to clarify significantly the issues remaining for judicial resolution, and could have controlling effect."  Mot. at 5.  Plaintiffs disagree that such a result is "likely," speculating that Defendants "will appeal on multiple grounds" such that "[t]here is no guarantee that a decision on appeal will control at final judgment."  Opp'n at 4.

Defendants have the better of the arguments.  District courts properly exercise their discretion to stay proceedings pending the appeal of a preliminary injunction when it is "likely that the Ninth Circuit's opinion will significantly guide this Court's future analysis on these legal questions."  *Flores*, 675 F. Supp. 3d at 1063.  Although Plaintiffs are correct that the scope of the preliminary injunction may very well be one of the issues presented on appeal, the Court finds it much more likely that the underlying merits of Plaintiffs' Administrative Procedure Act claims will take center stage in the Ninth Circuit.  Staying proceedings pending appeal generally serves judicial economy where, as here, "[m]any of the issues and legal theories being argued on appeal are identical to those raised in the case as a whole."  *Babaria v. Blinken*, No. 22-cv-055212-SI, 2023 WL 187497, at *2 (N.D. Cal. Jan. 13, 2023).

Plaintiffs posit that their efforts to supplement the administrative record might make the factual record before the Court look different on final judgment than it did at a preliminary stage.  The Court appreciates that, in certain situations, "the fully developed factual record may be materially different from that initially before the district court" at a preliminary stage.  *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982).  This case, however, does not present circumstances where the Ninth Circuit's

disposition "may provide little guidance as to the appropriate disposition on the merits." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). Whatever marginal impact Plaintiffs' proposed supplement to the administrative record may or may not have is not of a sufficient magnitude to overcome the substantial overlap between the legal issues presented here and those presented on appeal. "[I]t is hard to imagine that the decision on appeal would not guide this court robustly." *Oregon v. Azar*, No. 6:19-cv-00317-MC, 2019 WL 9045195, at *2 (D. Or. Sept. 17, 2019).

In any event, the Court expects the Ninth Circuit to resolve the appeal in advance of when this Court would otherwise resolve the final merits. Briefing in the Ninth Circuit is set to conclude on September 3, 2025, which is three months before the conclusion of summary judgment briefing is expected in this Court. Though there is no guarantee that the Ninth Circuit will issue an opinion within any set timeframe, the Court expects appellate guidance to be promulgated forthwith. Standing by for forceful adversarial briefing by the Parties that reflects the Ninth Circuit's guidance will aid this Court in its mission of "secur[ing] the just, speedy, and inexpensive determination of [this] proceeding." Fed. R. Civ. P. 1. Accordingly, this third *Landis* factor weighs strongly in favor of staying these proceedings.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Stay District Court Proceedings Pending Appeal (ECF No. 62). This matter is **STAYED** pending resolution of the pending appeal. The Parties **SHALL** file a joint status report, to include a joint proposed schedule, no later than twenty (20) days after the Ninth Circuit's mandate issues.

**IT IS SO ORDERED.**

Dated: July 28, 2025

Hon. Janis L. Sammartino
United States District Judge

25-CV-886 JLS (DDL)